**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

MICHELLE KINKLE, AS ADMINISTRATRIX OF
THE ESTATE OF MARY MALONE JEFFRIES,
DECEASED, AND AS REPRESENTATIVE OF                     PLAINTIFF
THE WRONGFUL DEATH BENEFICIARIES

VS.                                        CIVIL ACTION NO.: 3:06CV73-B-A

TASER INTERNATIONAL, INC., ET AL.                      DEFENDANTS

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS HOLLY SPRINGS, MISSISSIPPI, OFFICER DARRELL BOWEN AND OFFICER MICHAEL PERKINS

COME NOW DEFENDANTS, City of Holly Springs, Mississippi, Officer Darrell Bowen, and Officer Michael Perkins ("Defendants"), by and through its undersigned counsel, and responds to Plaintiff's Complaint in the above-referenced matter as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Defendants plead all applicable statutes of limitation.

### THIRD DEFENSE

Defendants are entitled to all rights, immunities and privileges contained in Miss. Code Ann. § 11-46-1, *et seq*., including, but not limited to all exemptions from liability set forth therein, the notice of claim requirements set forth therein, the limitations on liabilities set forth therein, as well as the fact that Plaintiff is not entitled to a jury trial pursuant to said Act.

### FOURTH DEFENSE

Defendants affirmatively plead that Plaintiffs failed to satisfy the statutory notice provisions contained in Miss. Code Ann. § 11-46-11, *et seq.*

### FIFTH DEFENSE

Defendants affirmatively plead that Plaintiff's decedent's injuries were not the result of the operation of a municipal policy or custom of the City of Holly Springs, Mississippi. Therefore, the City of Holly Springs, Mississippi, and Defendants Michael Perkins and Darrell Bowen, in their official capacities, cannot be held liable for damages pursuant to 42 U.S.C. § 1983.

### SIXTH DEFENSE

Defendants Michael Perkins and Darrell Bowen, in their individual capacities, are entitled to qualified immunity.

### SEVENTH DEFENSE

Defendants affirmatively plead that any injuries suffered by Plaintiff's decedent were solely the result of Plaintiff's decedent's own acts and, therefore, Plaintiff's decedent is the sole cause of any injuries claimed in this lawsuit.

### EIGHTH DEFENSE

Defendants affirmatively plead the provisions of Mississippi Code Annotated § 85-5-7, as amended.

### NINTH DEFENSE

In the alternative, Defendants affirmatively plead that it is entitled to a reduction in

2

TO.218482.1

damages for the comparative negligence or comparative acts of Plaintiff's decedent which proximately caused her injuries.

## TENTH DEFENSE

Although Defendants deny that Plaintiff is entitled to punitive damages, Defendants affirmatively plead that an award of punitive damages would amount to a deprivation of property without due process of law in violation of the United States Constitution and the Mississippi Constitution.

## ELEVENTH DEFENSE

Punitive damages may not be assessed against the City of Holly Springs, Mississippi, or Defendants Michael Perkins or Darrell Bowen in their official capacities as Holly Springs police officers.

## TWELFTH DEFENSE

Without waiving any of the foregoing affirmative defenses, Defendants make the following responses to each numbered paragraph of the Complaint.

## PARTIES

1.      Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, they are denied.

2.      Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 1 of the Complaint and, therefore, they are denied.

3.      Defendants admit the allegations contained in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in Paragraph 4 of the Complaint.

3

5.       Defendants admit the allegations contained in Paragraph 5 of the Complaint.

6.       Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 6 of the Complaint and, therefore, they are denied.

7.       Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 7 of the Complaint and, therefore, they are denied.

8.       Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 8 of the Complaint and, therefore, they are denied.

9.       Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 9 of the Complaint and, therefore, they are denied.

## JURISDICTION

### Count I

10.       Defendants admit Plaintiff purports to assert various causes of action pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, and the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and unnamed sections of the Mississippi Constitution. Defendants admit Plaintiff purports to assert jurisdiction under federal law for claims under federal and state law. Defendants further admit Plaintiff identifies various state law tort claims. However, Defendants deny Plaintiff has stated claims for relief under the cited statutes and constitutional amendments, or under state tort law.

11.       Defendants admit Officer Michael Perkins and Officer Darrell Bowen were acting in their capacities as law enforcement officers for the City of Holly Springs at all times relevant to the events alleged in Plaintiff's Complaint. The remaining allegations contained in Paragraph 11 of the Complaint do not assert allegations against Defendants and therefore no response is required.

4

TO.218482.1

**Count II**

12.    The allegations contained in Paragraph 12 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

**FACTUAL SITUATION**

**Count I – 42 USC § 1983 Wrongful Death Claim**

13.    Defendants admit that Mary Malone Jeffries was arrested on October 1, 2005. Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15.    Defendants admit Mary Malone Jeffries refused to get out of the squad car and Jailer Charles Duncan assisted the officers.  Defendants admit a taser was used to gain control of Mary Malone Jeffries.  Defendants deny any remaining allegations contained in Paragraph 15 of the Complaint.

16.    Defendants admit Mary Malone Jeffries was carried into the Marshall County Jail and she continued to be combative and spit on the officers involved.  Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

17.    Defendants admit that an ambulance arrived at the jail and that EMT's provided medical treatment.  Defendants are without information or knowledge sufficient to either admit or deny the remaining allegations contained in Paragraph 1 of the Complaint and, therefore, they are denied.

18.    Defendants admit Mary Malone Jeffries was transported to the hospital and subsequently pronounced dead on October 1, 2005.  Defendants deny the remaining allegations contained in Paragraph 18 of the Complaint.

TO.218482.1

19.     Defendants deny the allegations contained in Paragraph 19 of the Complaint.

20.     Defendants deny the allegations contained in Paragraph 20 of the Complaint.

21.     Defendants deny the allegations contained in Paragraph 21 of the Complaint.

22.     The allegations contained in Paragraph 22 do not allege facts, but legal conclusions and therefore, no response is required.   To the extent a response is required, Mississippi Code Annotated § 11-7-13 speaks for itself and Plaintiff's allegations are denied.

23.     Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 23 of the Complaint and, therefore, they are denied.

24.     Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 24 of the Complaint and, therefore, they are denied.

25.     Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Complaint.

**Count II – Wrongful Death/Products Liability**

27.     The allegations contained in Paragraph 27 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

28.     The allegations contained in Paragraph 27 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

29.     The allegations contained in Paragraph 27 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

TO.218482.1

30.     Defendants admit Plaintiff's decedent was arrested on October 1, 2005 and transported to the Marshall County Jail.  Defendants admit that a taser gun was used on Plaintiff's decedent.  Defendants admit Plaintiff's decedent was transported to the hospital where she received treatment, but ultimately died.  Defendants deny the remaining allegations contained in Paragraph 30.

31.     The allegations contained in Paragraph 31 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

32.     The allegations contained in Paragraph 32 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

33.     The allegations contained in Paragraph 33 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

34.     The allegations contained in Paragraph 34 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

35.     The allegations contained in Paragraph 35 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

36.     The allegations contained in Paragraph 36 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

TO.218482.1

37.     The allegations contained in Paragraph 37 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

38.     The allegations contained in Paragraph 38 do not allege facts, but legal conclusions and therefore, no response is required.  To the extent a response is required, Mississippi Code Annotated § 11-7-13 speaks for itself and Plaintiff's allegations are denied.

39.     The allegations contained in Paragraph 39 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

## CAUSES OF ACTION

### Count I

40.     Defendants deny the allegations contained in Paragraph 40 of the Complaint.

### Count II

41.     The allegations contained in Paragraph 41 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

## DAMAGES

### Count I

42.     Defendants deny the allegations contained in Paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45.     Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 45 of the Complaint and, therefore, they are denied.

8

TO.218482.1

## Count II

46.     The allegations contained in Paragraph 46 do not assert allegations against Defendants and therefore no response is required.  To the extent these allegations are deemed to assert claims against Defendants, they are denied.

47.     Defendants are without information or knowledge sufficient to either admit or deny the allegations contained in Paragraph 47 of the Complaint and, therefore, they are denied.

## PRAYER FOR RELIEF

48.     With regard to the paragraph beginning "WHEREFORE" and concerning Plaintiff's Prayer for Relief, Defendants deny Plaintiff is entitled to any of the relief requests under paragraphs A-E, or any relief whatsoever.

WHEREFORE, PREMISES CONSIDERED, Defendants deny Plaintiff is entitled to any relief whatsoever and requests that this Court dismiss Plaintiff's Complaint and enter an order permitting Defendants to recover their costs, expenses, and attorney's fees incurred in the defense of Plaintiff's Complaint.

TO.218482.1

Respectfully submitted, this the 17th day of July, 2006.

> _/s/ Mark N. Halbert_
> W. Thomas Siler, Jr., MB #6791
> Mark N. Halbert, MB #100048
> One Mississippi Plaza
> 201 South Spring Street • Seventh Floor
> Tupelo, Mississippi  38804
> P.O. Box 1220
> Tupelo, Mississippi 38802-1220
> Telephone: (662) 842-7907
> Telecopier: (662) 842-3873
>
> ATTORNEYS FOR DEFENDANTS CITY OF HOLLY SPRINGS, MISSISSIPPI; OFFICER MICHAEL PERKINS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI; OFFICER DARRELL BOWEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN OFFICER OF THE CITY OF HOLLY SPRINGS, MISSISSIPPI

TO.218482.1

## CERTIFICATE OF SERVICE

I, Mark Halbert, one of the attorneys for Defendants, do hereby certify that I have this date electronically filed the above and foregoing with the Clerk of the Court, utilizing the ECF system which sent notification of such filing to the following:

Michael D. Cook
mdcooke@bellsouth.net

William Hull Davis, Jr.
bdavis@bnorthmslaw.com

Victor John Franckiewicz, Jr.
vfranckiewicz@dkslaw.com

J. L. Wilson, IV
jwilson@uwbrr.com

This, the 17th day of July, 2006.

*/s/ Mark N. Halbert*_____
Mark N. Halbert

11

TO.218482.1